IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEFTAN MENDEZ,

     Plaintiff,                        No. CIV S-08-2727 WBS DAD P

     vs.

K. WIN, et al.,                          DISCOVERY AND

     Defendants.                 SCHEDULING ORDER

_____/

        Defendants Rohrer, Rallos and Traquina have answered the complaint.  Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed in accordance with paragraphs 1-5 of this order.  In addition, the court will set a schedule for this litigation.

        Should this matter proceed to trial the court will, by subsequent order, require the parties to file pretrial statements.  In addition to the matters required to be addressed in the pretrial statement in accordance with Local Rule 16-281, plaintiff will be required to make a particularized showing in the pretrial statement in order to obtain the attendance of witnesses at trial.  Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in the pretrial statement.

        At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are

1

two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove the claims, whether that evidence is in the form of exhibits or witness testimony. If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

> I. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

> 1. The prospective witness is willing to attend; <u>and</u>
>
> 2. The prospective witness has actual knowledge of relevant facts.

<u>With the pretrial statement</u>, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial. The motion must:

> 1. State the name, CDC Identification number, and address of each such witness; and
>
> 2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

> 1. The party can swear by affidavit that the prospective witness has informed the party that he is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or

2

1            2. The party can serve and file an affidavit sworn to by the prospective
2            witness, in which the witness states that he or she is willing to testify
3            without being subpoenaed.
4       The prospective witness' actual knowledge of relevant facts can be shown in one
5  of two ways:
6            1. The party can swear by affidavit that the prospective witness has actual
7            knowledge.  However, this can be done only if the party has actual
8            firsthand knowledge that the prospective witness was an eyewitness or an
9            ear-witness to the relevant facts.  For example, if an incident occurred in
10           the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was
11           present and observed the incident, the plaintiff may swear to the cellmate's
12           ability to testify.
13           Or
14           2. The party can serve and file an affidavit sworn to by the prospective
15           witness in which the witness describes the relevant facts to which the
16           prospective witness was an eye- or ear-witness.  Whether the affidavit is
17           made by the plaintiff or by the prospective witness, it must be specific
18           about what the incident was, when and where it occurred, who was
19           present, and how the prospective witness happened to be in a position to
20           see or to hear what occurred at the time it occurred.
21       The court will review and rule on the motion for attendance of incarcerated
22  witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the
23  court will issue the order necessary to cause the witness' custodian to bring the witness to court.
24  /////
25  /////
26  /////

## II. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

## III. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

## IV. Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness' travel expenses.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00, and a copy of the court's order granting plaintiff in forma pauperis status. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of

/////

witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Discovery requests shall be served by the party seeking the discovery on all parties to the action.[1]  Discovery requests shall not be filed with the court except when required by Local Rules 30-250(a), 33-250(c), 34-250(c) and 36-250(c);

2. Responses to written discovery requests shall be due forty-five days after the request is served;

3. The parties are cautioned that filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that the action be dismissed or the answer stricken;

4. Pursuant to Federal Rule of Civil Procedure 30(a), defendants may depose plaintiff and any other witness confined in a prison upon condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by Fed. R. Civ. P. 30(b)(1); and

5. If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 5-134, 5-135, 6-136, 7-130, 7-131, 11-110, 43-142, and 78-230(m) of the Local Rules of Practice for the United States District Court, Eastern District of California; unless otherwise ordered, Local Rule 37-251 shall not apply.  Filing of a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion.

/////

---

[1]  If an attorney has filed a document with the court on behalf of any defendant, then plaintiff must serve documents on that attorney and not on the defendant.  See Fed. R. Civ. P. 5(b).

6. The parties may conduct discovery until January 15, 2010.  Any motions necessary to compel discovery shall be filed by that date.  All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

7. All pretrial motions, except motions to compel discovery, shall be filed on or before April 9, 2010.  Motions shall be briefed in accordance with paragraph 7 of this court's order filed June 9, 2009.

8. Pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motion, or the expiration of time for filing such a motion.

DATED: September 17, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:mp
mend2727.440-41