1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NEFTAN MENDEZ,

11               Plaintiff,                    No. CIV S-08-2727 WBS DAD P

12        vs.

13   K. WIN, et al.,

14               Defendants.               <u>ORDER</u>

15   _____/

16               Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  In his amended complaint, plaintiff contends that while imprisoned he

18   received inadequate medical care in the diagnosis and treatment of his prostate cancer.  Before

19   the court are several motions and requests filed by the parties.

20   I.  <u>Plaintiff's Motion to Quash or Modify Subpoena</u>

21               Plaintiff challenges the subpoena that was served on him by defendant Basi.  The

22   subpoena in question requested the following documents:

23          All documents & original radiological films, including but not
             limited to x-ray films, MRIs, CT scans, relating to patient's
24          medical/dental histories; complaints; symptoms; examinations;
             findings; diagnosis; prognosis; sign-in sheets; photographs; video
25          tapes; treatment; physical therapy; including without limiting the
             generality of the foregoing, all correspondence including but not
26          limited to other written or graphic material.

1

2

3

> The attorney requesting these records has determined that the entirety of the medical information sought is deemed necessary to fully evaluate the claims at issue in this litigation and to fully defend our client.

4   (Mot. to Quash, Ex. A, Attach. 3.)  Plaintiff argues that the documents requested by the subpoena

5   go beyond the issues involved in this litigation and that he has already submitted over 270 pages

6   of his medical file to defendants.  Plaintiff requests that the subpoena be modified so that he need

7   only produce the "items related directly to the time period involved and the medical records and

8   items specific to the issues claimed in his Amended Complaint."  (Mot. to Quash at 2.)

9           Defendant argues that a complete set of plaintiff's medical records is needed in

10  order for defendant Basi to assess the merits of the case, to evaluate the alleged damages suffered

11  by plaintiff, to determine if any other events or conditions impacted defendant's medical

12  findings, and to determine if any pre-existing conditions impacted the interpretation of the

13  laboratory results.  Specifically, "defendant seeks a complete copy of plaintiff's medical records

14  for the purpose of assessing plaintiff's medical and surgical history as it relates to urological

15  symptoms, urological conditions, and prior PSA results."  (Opp'n at 3.)  Defendant contends that

16  this information is necessary because a "slightly elevated PSA level does not give a physician

17  enough information to distinguish between benign prostate conditions and cancer.  Rather, other

18  conditions, aside from prostate cancer, can and do affect the level of PSA in a patient's blood."

19  (Id.)  Because no affidavit attesting to the records produced was submitted with plaintiff's

20  medical records, defendant believes that the records received from plaintiff are incomplete.

21          Plaintiff did not file a reply to defendant's opposition and plaintiff's motion fails

22  to specify which medical records he seeks to protect from production pursuant to defendant's

23  subpoena.  Plaintiff contends that the documents requested by the challenged subpoena are overly

24  broad because the request goes beyond the time period addressed in his amended complaint.

25  However, plaintiff's entire medical history as it may relate to his prostate condition is relevant in

26  this action.  Therefore, plaintiff's motion to quash or modify the subpoena seeking his medical

1    records in the custody of the California Department of Corrections and Rehabilitation, will be

2    denied.

3              However, the same cannot be said for defendant's request that all of plaintiff's

4    dental records be produced pursuant to the challenged subpoena.  Defendant has advanced no

5    argument as to why plaintiff's dental records would be relevant to his defense.  Accordingly, the

6    motion to quash will be granted as to the dental records sought.

7    II.  Defendant's Motion to Modify the Scheduling Order

8              Defendant Basi requests that the deadline for the filing of dispositive motions,

9    which was set for April 9, 2010, be extended to forty-five days after the court rules on plaintiff's

10   motion to quash or modify subpoena.  Plaintiff has filed a statement of non-opposition to

11   defendant's motion.  However, on April 9, 2010, defendant Basi filed a motion for summary

12   judgment.  Thus, it appears that defendant's motion to modify the scheduling order is no longer

13   necessary.  Therefore, the motion will be denied as moot.

14   III.  Plaintiff's Motion for Appointment of Counsel

15             Plaintiff has requested the appointment of counsel.  The United States Supreme

16   Court has ruled that district courts lack authority to require counsel to represent indigent

17   prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

18   certain exceptional circumstances, the district court may request the voluntary assistance of

19   counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

20   1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

21   court does not find the required exceptional circumstances.  Plaintiff's request for the

22   appointment of counsel will therefore be denied.

23   IV.  Plaintiff's Requests for an Extension of Time

24             Plaintiff has requested a thirty-day extension of time or until May 30, 2010, to file

25   his opposition to the  motion for summary judgment brought on behalf of defendants Rohrer,

26   Rallos, and Traquina.  Defendants have filed a statement of non-opposition to plaintiff's request.

1  In addition, plaintiff has filed a similar request seeking an extension of time to file his opposition

2  to defendant the motion for summary judgment brought on behalf of defendant Basi.  Plaintiff's

3  requests will be granted, and the court will order plaintiff to file his oppositions to both motions

4  for summary judgment by May 30, 2010.

5                                                CONCLUSION

6            In accordance with the above, IT IS HEREBY ORDERED that:

7            1.  Plaintiff's February 3, 2010 motion to quash or modify subpoena (Doc. No.

8  27) is denied as to plaintiff's medical records but granted as to plaintiff's dental records;

9            2.  Defendant Basi's April 7, 2010 motion to modify the scheduling order (Doc.

10  No. 29) is denied as moot;

11            3.  Plaintiff's May 5, 2010 motion for appointment of counsel (Doc. No. 32) is

12  denied;

13            4.  Plaintiff's May 5, 2010 motion for an extension of time (Doc. No. 34) to file

14  his opposition to the motion for summary judgment brought on behalf of defendants Rohrer,

15  Traquina, and Rallos is granted;

16            5.  Plaintiff's May 5, 2010 motion for an extension of time (Doc. No. 35) to file

17  his opposition to the motion for summary judgment brought on behalf of defendant Basi is

18  granted; and

19            6.  Plaintiff shall file his opposition to both defense motions for summary

20  judgment on or before May 30, 2010.

21  DATED: May 17, 2010.

22

23                                                                        _____

24  DAD:4                                                        DALE A. DROZD
     mend2727.m.quash+                                    UNITED STATES MAGISTRATE JUDGE

25

26

                                                            4